**OSEN LLC**
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601
T. 201.265.6400  F. 201.265.0303

120 W. 45TH STREET, SUITE 405, NEW YORK, NY 10036
T. 212.354.0111

September 30, 2016

The Honorable Michael J. Reagan
Chief Judge
United States District Court
for the Southern District of Illinois
750 Missouri Avenue
East St. Louis, IL 62201

      **Re:**    *Shaffer, et al., v. Deutsche Bank AG* **(Civil No. 16-497-MJR-SCW)**
              **Notice of New Statutory Authority**

Dear Chief Judge Reagan,

      We write on Plaintiffs' behalf to provide newly-enacted statutory authority in support of Plaintiffs' Opposition to Defendant Deutsche Bank's Motion to Dismiss the Complaint. On September 28, 2016, Congress enacted into law an amendment to the Anti-Terrorism Act ("ATA") and Foreign Sovereign Immunities Act ("FSIA") known as the Justice Against Sponsors of Terrorism Act ("JASTA"), overriding the President's veto. The amendment is attached as Exhibit A. The amendment's stated purpose is:

> to provide civil litigants with the *broadest possible basis*, consistent with the Constitution of the United States, to seek relief against persons, entities, and foreign countries, wherever acting and wherever they may be found, that have provided material support, *directly or indirectly*, to foreign organizations *or* persons that engage in terrorist activities against the United States.

JASTA §2(b) ("Purpose") (emphasis added).

      To broaden the ATA civil remedy, the amendment both (1) expressly creates secondary civil liability for injuries arising from acts of terrorism committed, planned, or authorized by designated Foreign Terrorist Organizations (FTOs), and (2) confirms that principles of federal common law described in *Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983) apply to all civil liability claims brought under 18 U.S.C. §2333(a).

      The amendment encompasses any civil action pending at its enactment and arising out of injuries to persons or property on or after September 11, 2001. JASTA §7. It therefore applies to the instant action, arising out of injuries caused by terrorist attacks in 2008 and 2009.

Letter to Chief Judge Michael J. Reagan
September 30, 2016

### 1. JASTA Confirms the Availability of Common Law Aiding and Abetting and Conspiracy.

In JASTA §2(4), Congress found that "[i]t is necessary to recognize the substantive causes of action for aiding and abetting and conspiracy liability under chapter 113B of title 18, United States Code." Accordingly, JASTA §4(a) amends 18 U.S.C. §2333 to add that:

> In an action under subsection (a) for an injury arising from an act of international terrorism committed, planned, or authorized by an organization that had been designated as a foreign terrorist organization under section 219 of the Immigration and Nationality Act (8 U.S.C. 1189), as of the date on which such act of international terrorism was committed, planned, or authorized, liability may be asserted as to any person *who aids and abets, by knowingly providing substantial assistance, or who conspires with the person who committed such an act of international terrorism.*

(emphasis added).[1]

Furthermore, Congress found in JASTA §2(a)(5) that the analysis in *Halberstam* "provides the proper legal framework for how such liability should function in the context of chapter 113B of title 18, United States Code." *Halberstam* emphasized that "once the conspiracy has been formed, all its members are liable for injuries caused by acts pursuant to or in furtherance of the conspiracy. A conspirator need not participate actively in or benefit from the wrongful action in order to be found liable. He need not even have planned or known about the injurious action, . . . so long as the purpose of the tortious action was to advance the overall object of the conspiracy." *Halberstam*, 705 F.2d at 481. Congress thereby unequivocally confirmed that the traditional common law legal framework for civil conspiracy described in *Halberstam* applies to the causation analysis in this case, and does not require a plaintiff to prove either that a defendant intended to commit an act of terrorism or that its own conduct "appear[s] to be intended" to have a terrorist purpose. JASTA §4 thus provides both an alternative and a dispositive statutory basis for the conspiracy claims in this case.

### 2. JASTA Reaffirms *Boim III's* Framework for Assessing ATA Claims.

JASTA's endorsement of the *Halberstam* legal framework "for how such secondary liability should function in the context of Chapter 113B of title 18," also confirms *Boim III's* conclusion that:

---

[1] *Boim v. Holy Land Found. for Relief and Dev.*, 549 F.3d 685, 689-690 (7th Cir. 2008) (en banc) (*Boim III*), held that the civil remedy created by 18 U.S.C. §2333(a) did not include common law secondary liability. JASTA §4(a) now clarifies that Congress does recognize civil common law aiding and abetting and conspiracy liability under the ATA in certain circumstances.

> [T]he rubrics of 'conspiracy' and 'aiding and abetting' ... can be used to establish tort liability, see, e.g., *Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983); *Restatement (Second) of Torts* §§876(a), (b) (1979), and there is no impropriety in discussing them in reference to the liability of donors to terrorism under section 2333 just because that liability is primary.

JASTA thus further supports Plaintiffs' primary liability allegations against Defendant.[2]

Plaintiffs respectfully submit that JASTA definitively resolves in their favor the question of whether the ATA recognizes claims based on conspiracy and confirms their analysis of causation using the legal framework of civil conspiracy law, and that JASTA's congressional findings reinforce their arguments for denying Defendant Deutsche Bank's Motion to Dismiss the Complaint in its entirety.

Respectfully submitted,

Gary M. Osen

cc:    All Counsel

Encls.

---

[2] If Defendant has not waived a Rule 12(b)(2) personal jurisdiction defense by failing to assert it in its motion, JASTA §2(a)(6) provides further support for personal jurisdiction in finding that:

> Persons, entities, or countries that knowingly or recklessly contribute material support or resources, directly or indirectly, to persons or organizations that pose a significant risk of committing acts of terrorism that threaten the security of nationals of the United States or the national security, foreign policy, or economy of the United States, necessarily direct their conduct at the United States, and should reasonably anticipate being brought to court in the United States to answer for such activities.